**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROL ANN BRAXTON,

      Plaintiff-Appellant,

v.

DILLON COMPANIES, INC.,
doing business as King Soopers, Inc.,
a Kansas corporation,

      Defendant-Appellee.

No. 00-1321
(D.C. No. 99-WM-1578)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of a district court judgment adopting the recommendation of the magistrate judge and dismissing her action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. In her pro se complaint she alleged she was terminated from employment with King Soopers in violation of a collective bargaining agreement between Local No. 7 of the United Food and Commercial Workers and King Soopers, Inc., her former employer. R. Doc. 1, at 3. She also challenged the Colorado Civil Rights Division (CCRD)'s determination of no probable cause to find that King Soopers discriminated against her on the basis of disabilities because neither the CCRD nor the Equal Employment Opportunity Commission (EEOC) "completed a thorough evaluation of all allegations in their investigations." Id. at 5. Finally, in her request for relief, id. at 6, she sought to "overturn all decisions based upon [EEOC's] . . . [and] CCRD's investigations," and to "[a]vail [her] of the rights set forth by Title VII" and the Americans with Disabilities Act (ADA).

In response, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted). R. Doc. 5. Defendant asserted that plaintiff's claims concerning leaves of absence, work schedule, and termination for violating company policy are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and that, as of the filing of the

complaint, the arbitration procedure provided for in the Union's contract with King Soopers had not been completed, id. at 6 and n.5, 7.

Defendant also argued that the court lacked jurisdiction to review the decisions of the CCRD and EEOC because the determinations of these agencies are not subject to judicial review. In addition, defendant responded that plaintiff had failed to allege any facts to support a claim under the ADA. Id. at 11-12. Finally, defendant contended that plaintiff had asserted no factual allegations in support of a Title VII violation. Id. at 13-14.

The magistrate judge entered a comprehensive recommendation addressing each of plaintiff's claims, to the extent these claims could be understood. R. Doc. 20. [1] In response, plaintiff filed over three hundred pages of "exhibits," which included numerous medical records, correspondence, police reports regarding an assault by a King Soopers customer, union grievances, parts of transcripts of various unidentified proceedings, and other miscellaneous documents. Rather than object to specific recommendations of the magistrate judge, plaintiff sought to have the district court "find and review additional

---

[1]    An additional claim against an individual, John Burgon, was not addressed by the magistrate judge because Mr. Burgon was not named in the caption and not considered a party to the lawsuit. There is no mention of Mr. Burgon in plaintiff's brief and we deem any claim against him to be waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984, n.7 (10th Cir. 1994) (citation omitted).

evidence to support her opposition to [the] recommended dismissal of her complaint." R. Doc. 25, at 3. The court concluded that the magistrate judge's recommendation should be accepted and entered judgment accordingly. Id. at 4-5.

The district court determined that

> In sum, the magistrate concludes that the plaintiff's challenges to sick leave policy, her forced leave of absence, to her work schedule, and to her termination in violation of defendant's no call/no show policy are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because the plaintiff did not exhaust the grievance and arbitration procedure. To the extent that the plaintiff asserted at oral argument that she was terminated in retaliation for reporting an occupational injury, the magistrate concludes that she did not allege facts to support retaliatory discharge because her complaint states that she was discharged for violating work rules and/or company policy. To the extent that she seeks a claim against the Colorado Civil Rights Division, the magistrate concludes that the court lacks subject matter jurisdiction to review probable cause determinations. With respect to her claim of disability discrimination, the magistrate concludes that her complaint is devoid of factual allegations that her disabilities substantially limit one or more major life activities. Finally, with respect to her Title VII claim, the magistrate concludes that the complaint does not have any allegations of discrimination on the basis of a protected class. Accordingly, the magistrate recommends that the complaint be dismissed in its entirety.
>
> After considering the objections, the recommendation, and the defendant's motion to dismiss, I conclude that the recommendation should be accepted.

R. Doc. 25, at 4.

We review the dismissal of a complaint under Fed. R. Civ. P. 12(b)(1) and (6) de novo. See Sac & Fox Nation of Okla. v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999) (12(b)(1)), cert. denied, 120 S. Ct. 2657 (2000); Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (12(b)(6)). We also review the district court's preemption ruling de novo. See Steinbach v. Dillon Cos., 242 F.3d 1202, 1203 (10th Cir. 2001).

On appeal, plaintiff continues to complain that she was placed on a forced leave of absence by King Soopers and was refused the right to return to work after her forced leave of absence; that she returned to work despite being ill with acute sinusitis; that the state civil rights division performed an incomplete and inadequate investigation; that the arbitration proceedings were "prosecuted against her in collusion with her employer, her doctors, and . . . lawyers." Appellant's Br. at 2a. She further challenges when she was released to return to work, id., and complains she was forced to undergo psychological consultations in 1995 and 1998 after reporting assaults. Id. at 2b. However, she also states that she "does not point to particular findings or conclusions in the magistrate's recommendation as objectionable." Id. at 2a. And, she lists as her appellate "issues," her contention that employers cannot require their employees to divulge the prescription medication they are taking because this constitutes

"a unconscionable invasion of employers into the personal lives of the employees." Id.

In sum, her brief focuses on issues concerning her unemployment hearing and her union arbitration proceedings, see id. at 4a-4b, issues related solely to her termination for failure to either report to work or to call in. These claims are clearly preempted by the LMRA because they are governed by the collective bargaining agreement between plaintiff (as represented by her union) and defendant King Soopers. See generally Garley v. Sandia Corp., 236 F.3d 1200, 1206-14 (10th Cir. 2001) (discussing types of claims preempted by § 301 of LMRA). Moreover, plaintiff makes no arguments in her brief in support of a claim that her termination was based on factors not covered by the collective bargaining agreement. This court will not search the record for support of a claim not raised in plaintiff's brief. See Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999), cert. denied, 120 S. Ct. 1964 (2000) (We "will not craft a party's arguments for [her]."). We are also in substantial agreement with the magistrate judge's recommendation of June 20, 2000 and the district court's order of July 26, 2000. Accordingly, and pursuant to the district court's

certification under 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith, the motion for leave to proceed without prepayment of costs and fees is DENIED, and the appeal is DISMISSED.  The mandate shall issue forthwith.


Entered for the Court


Wade Brorby
Circuit Judge